# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE ONEICIA KAUFMAN,<br><br>     Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>     Defendant. | NO. CV 10-5221 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

De Oneicia Kaufman("Kaufman") filed this action on July 21, 2010. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on August 11 and 16, 2010. (Dkt. Nos. 8, 9.) On April 25, 2011, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court remands this matter to the Commissioner for proceedings consistent with this opinion.

///
///
///
///

**I.**

## PROCEDURAL BACKGROUND

On July 1, 2005, Kaufman filed an application for supplemental security income payments and, on September 22, 2005, she filed an application for disability insurance benefits alleging a disability onset date of September 11, 2004.  Administrative Record ("AR") 26.  The applications were denied initially and upon reconsideration.  AR 26.  Kaufman requested a hearing before an Administrative Law Judge ("ALJ").  AR 26.  On July 6, 2007, the ALJ conducted a hearing at which Kaufman, a medical expert and a vocational expert testified.  AR 968-96.  On August 28, 2007, the ALJ issued a decision denying benefits.  AR 26-31.  On April 16, 2010, the Appeals Council denied the request for review.  AR 6-8.  This action followed.

**II.**

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

///

# III.

# DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

The ALJ found that Kaufman had the medically determinable impairment of post-traumatic stress disorder ("PTSD"). AR 30. At step two of the sequential analysis, the ALJ found Kaufman did not have any impairment or combination of impairments that significantly limited her ability to perform basic work-related activities, and therefore, did not have a severe impairment. *Id.*[1]

### C. Severe Impairment

Kaufman argues that the ALJ erroneously found that she did not have a severe mental impairment. JS 4-9, 17-19.

At step two, the claimant bears the burden of demonstrating a severe, medically determinable impairment that meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii); *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). To satisfy the duration requirement, the severe impairment must have lasted or be expected to last for a continuous period of not less than 12 months. *Yuckert*, 482 U.S. at 140. The impairment "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms." 20 C.F.R. §

---

[1] The ALJ did not identify a date last insured for Kaufman.

404.1508; 20 C.F.R. § 416.908. "[T]he impairment must be one that 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'"[2] *Yuckert*, 482 U.S. at 154 n. 11 (quoting 20 C.F.R. § 404.1520(c)); *see also Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) ("[A]n impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities.") (citation and quotation marks omitted). "An impairment or combination of impairments may be found 'not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686–87 (9th Cir. 2005) (citation omitted). Step two is "a de minimis screening device [used] to dispose of groundless claims" and the ALJ's finding must be "clearly established by medical evidence." *Id.* at 687 (citations and quotation marks omitted).

If the ALJ determines that the claimant has a medically determinable mental impairment, he or she must apply the special psychiatric review technique to rate the degree of functional limitation in the areas of activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. 20 C.F.R. §§ 404.1520a(b)(2), (c)(3), 416.920a(b)(2), (c)(3). Based upon this rating, the ALJ determines whether the impairment is severe. 20 C.F.R. §§ 404.1520a(d), 416.920a(d). If the degree of limitation in the first three functional areas none or mild, and there are no episodes of decompensation, then, generally, the impairment is not severe. 20 C.F.R. § § 404.1520a(d)(1); 416.920a(d)(1). The regulations require the ALJ to incorporate pertinent findings and conclusions based on the special technique into his written decision. 20

---

[2] Basic work activities are the "abilities and aptitudes necessary to do most jobs," such as (1) physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling; (2) the capacity for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) the use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b).

4

C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4). The ALJ's decision must include a specific finding as to the degree of limitation in each of the functional areas. 20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4).

If the ALJ determines the claimant does not have a medically determinable mental impairment, then he or she need not apply the special psychiatric review technique.

Here, the ALJ determined Kaufman had the medically determinable mental impairment of PTSD. AR 30. The ALJ erred at step two by failing to document application of the special psychiatric review technique and include a specific finding as to the degree of limitation in the four functional areas as required by the plain language of 20 C.F.R. §§ 404.1520a(e), 416.920a; *see also Keyser v. Comm'r of Soc. Sec. Admin.*, 2011 U.S. App. LEXIS 10932, *6-*10 (9th Cir. June 1, 2011) (failure to satisfy statutory requirements constitutes legal error). The ALJ's decision summarized the testimony of medical expert Dr. Rothberg. AR 29-30. Dr. Rothberg testified Kaufman's PTSD caused no limitations in her activities of daily living; slight limitations in social functioning; mild limitations in concentration, persistence, or pace; and 1 or 2 episodes of deterioration or decompensation. AR 29-30. Merely referencing Dr. Rothberg's opinion is insufficient. *Keyser*, 2011 U.S. App. LEXIS 10932 at *10.

Failure to comply with the statutory requirements is not harmless if the claimant has a "'colorable claim of mental impairment.'" *See id.* at *11 (citation omitted). A claim is colorable if it is not "wholly insubstantial, immaterial, or frivolous." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987) (citation and quotation marks omitted). As the ALJ noted, the medical record contains conflicting reports of Kaufman's functioning. AR 29, 978. The claim is at least colorable. After the date of the ALJ's decision, Kaufman submitted additional medical records considered by the Appeals Council but not seen by the ALJ. AR ///

23, 846-918. This case will be remanded for proper consideration of Kaufman's mental impairment.[3]

### IV.
### **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for further proceedings consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: August 25, 2011

ALICIA G. ROSENBERG
United States Magistrate Judge

---

[3] Kaufman also argues that the ALJ failed to provide specific and legitimate reasons for rejecting the opinions of her treating physician, Dr. Ortiz-Portillo. Because this matter is being remanded on other grounds, including consideration of additional medical records, this court will not address this issue. The ALJ is free to reconsider Dr. Ortiz-Portillo's opinion on remand if appropriate.